UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **F.H. PASCHEN, S.N NIELSEN & ASSOCIATES LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5843** |
| **HISCOX, INC. ET AL.** | **SECTION "H"(3)** |

## ORDER AND REASONS

Before the Court is Defendant York Risk Services Group, Inc.'s Motion to Dismiss Plaintiff's Claims in Count IV and V of the Complaint (R. Doc. 14) and Defendant Madsen, Kneppers and Associates Inc.'s Motion to Dismiss Plaintiff's Claims in Count IV and V of the Complaint (R. Doc. 13).  For the following reasons, the Motions are GRANTED, and Plaintiff's claims in Counts IV and V against York Risk Services Group, Inc. and Madsen, Kneppers and Associates Inc. are DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiff F.H. Paschen, S.N. Nielsen & Associates ("Paschen") was the general contractor on a project to build South Plaquemines High School (the

1

"Project"). Plaintiff obtained a Builders Risk Policy from Defendant Hiscox[1] to insure against any loss on the Project. During construction, Hurricane Issac hit the area and damaged the Project, which was about 89% complete. Plaintiff reported the damage to Hiscox and attempted to collect under its policy. Hiscox retained Defendant York Risk Services Group, Inc. ("York"), an independent claims adjuster, to assist it in the investigation of the damage. In turn, York retained Madsen, Kneppers and Associates, Inc. ("MKA") to assist *it* in adjusting Plaintiff's claim. Plaintiff now brings claims against Hiscox alleging, *inter alia*, that Hiscox breached its contract by failing to pay Plaintiff the amount due under the policy to cover the hurricane damage to the Project. In addition, Plaintiff has brought actions against York and MKA for (1) their alleged negligence in the handling of its claim and (2) negligent professional undertaking. Defendants York and MKA have moved to dismiss both of the claims against them. This Court will assess each of these claims in turn.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the

---

[1] Hiscox's full name, as stated in the answer, is Hiscox Dedicated Corporate Member Limited, the Sole Member of Lloyd's of London Syndicate 3624 and Subscriber to Policy No. UNS2511179.10. R. Doc. 15.

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[6] The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.[7] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[8]

## LAW AND ANALYSIS

Plaintiff asserts negligence and negligent professional undertaking claims against York and MKA for their work in adjusting its claim for payment under its policy with Hiscox. For the reasons stated below, this Court finds that Plaintiff cannot successfully assert these claims against York and MKA as a matter of law.

---

[3] *Id.*

[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

[5] *Ashcroft*, 556 U.S. at 678.

[6] *Id.*

[7] *Lormand*, 565 F.3d at 255–57.

[8] *Jones v. Bock,* 549 U.S. 199, 215 (2007).

3

### A.     Count IV: Negligence Claim

In order to succeed in a negligence claim against York and MKA, Plaintiff must establish that they owed it a duty that was breached.[9] Generally, under Louisiana law, an insurance adjuster owes no legal duty to an insurance claimant.[10] A few Louisiana appellate courts, however, have suggested that an adjuster may, under very limited circumstances, assume legal duties and become liable to an insured.[11]

In the leading case, *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, the court suggested several instances in which an adjuster might assume a legal duty to an insured: when the claimant is significantly less educated than the adjuster, when the claimant has acted with diligence in seeking the facts, when the adjuster acting with apparent or actual authority makes promises, claims, or misrepresentations to the claimant, or in cases of fraud.[12]

---

[9] *See Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1085–86 (La. 2009).

[10] *See, e.g.*, *Pellerin v. Cashway Pharm. of Franklin, Inc.*, 396 So. 2d 371, 373 (La. Ct. App. 1st Cir. 1981) ("As a general rule, there is no relationship existing between a claimant and the insurance adjuster on which a duty . . . can be based.").

[11] *Id.* ("[T]here may be circumstances in which the adjuster may be said to have undertaken such a duty."); *Alarcon v. Aetna Cas. & Sur. Co.*, 538 So. 2d 696, 699 (La. Ct. App. 5th Cir. 1989) (suggesting in *dicta* that there are some circumstances in which a tort duty may exist in the settlement of an insurance claim but ultimately deciding that the plaintiff's allegations were insufficient to be such a circumstance).

[12] *Id.* In *Pellerin*, the plaintiff was misled by an adjuster who promised her that she would be compensated by her insurer for her physical injuries after she was released from her doctor's care. *Id.* Upon being released, the adjuster informed the plaintiff that prescription had run on her claim and that she would receive no settlement. *Id.* The court remanded the case to allow plaintiff to amend her complaint to allege a negligence claim against her insurance adjuster. *Id.*

4

None of the suggestions outlined in *Pellerin* apply here. Unlike in *Pellerin*, both Plaintiff and Defendants are sophisticated parties, and there are no allegations of fraud or misrepresentation. Indeed, Plaintiff complains only of York's and MKA's alleged general incompetence and broken promises, which resulted in a lesser recovery for its damages than it believes it is owed.[13] Like many of the Louisiana appellate courts that have decided this issue before, this Court finds that none of the facts alleged show that York and MKA assumed a duty to Paschen.[14]

---

[13] The Complaint alleges that York and MKA failed to:
(i) properly and adequately investigate the extent and nature of the losses and damages at the insured property; (ii) timely and thoroughly review and assess the substantial documentation provided by Paschen in support of its claim; (iii) approve advances to Paschen when due and owing under the Policy; (iv) timely and adequately address and respond to the deficient measure of loss notice of January 2013; (v) appreciate the urgency of Paschen's need to complete the Project for the school to open on time for the school year and unnecessarily delayed the adjustment process.

R. Doc. 35, at p. 22.

[14] *See, e.g.*, *Talton v. USAA Cas. Ins. Co.*, 981 So. 2d 696, 717 (La. Ct. App. 4th Cir. 2008) (finding that plaintiffs had no valid tort claim against their insurance adjuster); *Baugh v. Parish Gov't Risk Mgmt. Agency*, 715 So. 2d 645, 646 (La. Ct. App. 2nd Cir. 1998) (holding that the claim administrator "simply chose not to act or not to perform the specific contractual obligation owed by its principal to the plaintiff. Plaintiff's remedy for this non-performance is on the contract with [the insurer]."); *Alarcon*, 538 So. 2d at 699 (holding that the plaintiff's allegations of "negligent acts of omission and commission" did not "propose that the adjuster had assumed a duty toward the plaintiff which he breached"); *Flowers v. U.S. Fid. & Guar. Co.*, 367 So. 2d 107, 110 (La. Ct. App. 4th Cir. 1979) ("[T]here is no relationship existing between the plaintiffs and the insurance adjuster on which a duty to inform of prescription can be based. Therefore, the Flowers [sic] tort claim should be rejected because no cause of action has been alleged."); *see also Richardson v. Tyson Foods*, 796 So. 2d 827, 833 (La. Ct. App. 3rd Cir. 2001) ("[W]e hold that there was no duty on the part of [the claims adjuster] to provide [plaintiff] with correct claim forms."); *White v. Hartford Cas. Ins. Co.*, 297 So. 2d 744 (La. Ct. App. 1st Cir. 1974) ("We further hold that insurance adjusters have no duty to advise claimants on the Louisiana law of prescription.").

Accordingly, this Court holds that York and MKA owed no duty to Plaintiff, and therefore Plaintiff cannot succeed in a negligence claim against them. In addition, Plaintiff has clear statutory remedies against the insurer, Hiscox, with whom it is in contractual privity, for any failure of the insurer or the insurer's adjusters to properly handle its claim.[15] "Any liability for the actions of the insurance company's adjustor must be borne by the insurance company, which has statutory and contractual duties to Plaintiff[]."[16]

## B. Negligent Professional Undertaking

Louisiana courts have recognized a cause of action for negligent professional undertaking against architects, engineers, and subcontractors in situations where, for instance, parties working on a project who are not in contractual privity with the architect, engineer, or subcontractor are harmed by their reliance on his specifications, designs, or work.[17] Plaintiff has not provided, nor can this Court find, any case that allows such a claim against an insurance adjuster. This Court is not at liberty to create a cause of action where none exists in Louisiana law.[18] In addition, this Court does not think that Plaintiff's claim is the type of claim that was intended by Louisiana courts in the creation

---

[15] *See* La. Rev. Stat. § 22:1973 (2014).

[16] *Rosinia v. Lexington Ins. Co.*, 2006 WL 3141247 (E.D. La. Oct. 31, 2006); *see Baugh*, 715 So. 2d at 646 ("Plaintiff's remedy for this non-performance is on the contract with [the insurer].").

[17] *Colbert v. B.F. Carvin Const. Co.*, 600 So. 2d 719, 723–25 (La. Ct. App. 5th Cir. 1992).

[18] *See Holden v. Connex-Metalna Mgmt. Consulting GmbH*, 302 F.3d 358, 365 (5th Cir. 2002) ("[W]e are to apply existing Louisiana law, not to adopt innovative theories for the state.").

of this doctrine.  Therefore, this Court holds that Plaintiff has not established a valid cause of action.

## CONCLUSION

For the foregoing reasons, the Motions are GRANTED and Plaintiff's claims against York Risk Services Group, Inc. and Madsen, Kneppers and Associates Inc. are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 23rd day of September, 2014.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**